IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PAUL E. WALKER,

                                      OPINION AND ORDER

          Petitioner,

                                      09-cr-121-bbc

    v.                                        16-cv-434-bbc

UNITED STATES OF AMERICA,

          Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Paul E. Walker has filed a motion for post conviction relief under 28 U.S.C. § 2255. He contends that he is entitled to relief under last year's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause in 18 U.S.C. § 924(e)(2)(B) was unconstitutionally vague. This is the first motion for post conviction relief that petitioner has filed and it was filed on June 21, 2016, within a year of the July 26, 2015 decision in Johnson, which means that it is properly before this court. (Under § 2255, a petitioner has a limited time in which to file a motion for post conviction relief; in this instance it would be within one year of "the date on which the right asserted was initially recognized by the Supreme Court if that right has been newly recognized by the Court and made retroactively applicable to cases on collateral review." § 2255(f)(3)). A review of his sentencing shows, however, that the decision in Johnson had no application to petitioner's sentence and thus, that he has no grounds for relief.

1

The issue in Johnson was the constitutionality of one part of § 924(e)(2)(B), which defines "violent felony" as any crime punishable for a term exceeding one year that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another or (ii) is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.* The italicized phrase is the residual clause that was declared unconstitutionally vague in Johnson.

Petitioner was charged in 2009 with five counts of bank robbery in violation of 18 U.S.C. § 2113(a). He pleaded guilty to one count but agreed that the other four robberies could be taken into consideration in determining his advisory guideline range. He was sentenced on February 4, 2010 to a term of imprisonment of 150 months, which was reduced later to a term of 126 months on the government's motion.

In calculating petitioner's guideline range, I determined that he had three prior sentences for crimes that qualified as "crimes of violence" under § 4B1.1 of the sentencing guidelines. All three were committed in Michigan and all three were violations of Michigan Compiled Laws § 750.530, which reads as follows:

> (1) A person who, in the course of committing a larceny of any money or other property that may be the subject of larceny, uses force or violence against any person who is present, or who assaults or puts the person in fear, is guilty of a felony punishable by imprisonment for not more than 15 years.
>
> (2) As used in this section, "in the course of committing a larceny" includes acts that occur in an attempt to commit the larceny, or during commission of the larceny, or in flight or attempted flight after the commission of the larceny, or in an attempt to retain possession of the property.

Petitioner's sentence was not determined under § 924(e), but under the sentencing

guidelines applicable to career offenders, U.S.S.G. §§ 4B1.1 and 4B1.2, which are modeled on § 924(e). Section 4B1.2(a) defines a crime of violence as meaning "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that— (1) has as an element the use, attempted use, or threatened use of physical force against the person of another." The section also includes a residual clause that tracks the one in § 924(e)(2)(B)(ii) precisely and which is being removed from § 4B1.2 by the Sentencing Commission.

The Supreme Court has not yet decided whether a sentence imposed under the residual clause in § 4B1.2(a)(2) is constitutionally invalid, but it is not necessary to wait for its decision on that question since petitioner's sentence was not determined under that provision. His sentence was based on § 4B1.2(a)(1), which has never been held unconstitutionally vague or questionable in any other respect. It is evident that petitioner's prior convictions fall under this provision, because he was charged with crimes involving the use of force or violence, assault or putting another person in fear. These are clearly offenses that have "as an element the use, attempted use, or threatened use of physical force against the person of another." I conclude, therefore, that petitioner is not entitled to post conviction relief and that his motion must be denied.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S.

3

274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).  Defendant has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one.  Petitioner is free to seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22, but that court will not consider his request unless he first files a notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed in forma pauperis.


ORDER

IT IS ORDERED that petitioner Paul E. Walker's motion for post conviction relief under 28 U.S.C. § S2255 is DENIED.  Further, no certificate of appealability shall issue. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 26th day of July, 2016.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge